UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV-145-R

MARK GRAMS                                                                                          PLAINTIFF

v.

CHRISTOPHER TODD ESTERS, et al.                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss the Plaintiff's Second and Third Amended Complaints (Docket #30). Plaintiff filed a response (Docket #31) to which Defendants replied (Docket #32). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

**BACKGROUND**

Plaintiff filed this action alleging that Defendants had disclosed his driver's license number, date of birth, and social security number in violation of 42 U.S.C. § 405(c)(2)(C)(viii)(I).[1] On September 26, 2007, Defendants filed a motion to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff had failed to state a claim upon which relief can be granted as the Social Security Act does not provide for a private cause of action. While the motion was pending, Plaintiff moved for leave to file his Second Amended Complaint. The Court granted Plaintiff's motion for leave to file his Second Amended Complaint and granted Defendants' motion to dismiss with respect to Plaintiff's claims under 42 U.S.C. § 405(c)(2)(C)(viii)(I).

---

[1] 42 U.S.C. § 405(c)(2)(C)(viii)(I) provides that "[s]ocial security account numbers and related records that are obtained or maintained by authorized persons pursuant to any provision of law, enacted on or after October 1, 1990, shall be confidential, and no authorized person shall disclose any such social security account number or related record."

In the Second Amended Complaint, Plaintiff alleged a violation of 42 U.S.C. § 1983. On January 3, 2008, the Court granted Defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff then moved for leave to file a Third Amended Complaint. On January 9, 2008, the Court granted the motion and treated the Third Amended Complaint as Plaintiff's more definite statement.

Defendants filed the instant motion on January 22, 2008.

## STANDARD

Defendants have moved the Court to dismiss Plaintiff's Second and Third Amended Complaints under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**DISCUSSION**

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (quotations omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Defendants violated rights guaranteed to him by the Fourteenth Amendment when they wrongfully divulged his personal identifiers to third parties without his permission. Defendants argue that Plaintiff's claim must fail as he has failed to state a violation of a constitutional right.

**I.     RIGHT OF PRIVACY**

Plaintiff asserts that Defendants violated his right to privacy guaranteed by the Fourteenth Amendment when they wrongfully divulged his personal identifiers. Defendants argue that Plaintiff cannot succeed on this claim as Plaintiff's interest in the privacy of these personal identifiers neither implicated a fundamental right nor one implicit in the concept of ordered liberty.

In *Whalen v. Roe*, 429 U.S. 589 (1977), the Supreme Court identified two legal principles developing out of the constitutional right to privacy rooted in the Fourteenth Amendment. The first principle protects an individual's right to make certain personal choices. *Id.* at 599. The other principle, that is at issue in the instant case, protects an individual's right to control the nature and extent of information released about that individual. *Id.*, *Bloch v. Ribar*, 156 F.3d 673, 683 (6th Cir. 1998). This latter interest has been coined an informational right to privacy. *Bloch*, 156 F.3d at 683.

The Sixth Circuit has extended the right to informational privacy only to interests that implicate a fundamental liberty interest. *Id.* at 683-84. The following two-step process is utilized in analyzing information right-to-privacy claims: "(1) the interest at stake must implicate either a fundamental right or one implicit in the concept of ordered liberty; and (2) the government's interest in disseminating the information must be balanced against the individual's interest in keeping the information private." *Id.* at 684 (citing *J.P. v. DeSanti*, 653 F.2d 1080, 1090-91 (6th Cir. 1981)).

Plaintiff states that the facts in the case at bar are very similar to those of *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998). In *Kallstrom*, undercover police officers filed suit under 42 U.S.C. § 1983, alleging that the release of their personnel files to the defense counsel of purported gang members violated their right to privacy as guaranteed by the Due Process Clause of the Fourteenth Amendment. *Id.* at 1059. The gang had a propensity for violence and intimidation. *Id.* at 1063. The Court held that the officers' privacy interests did implicate a fundamental liberty interest, specifically their interest in preserving their lives and the lives of their family members, as well as preserving their personal security and bodily integrity. *Id.* at 1062.

Plaintiff also cites to *Bloch v. Ribar* in support of his action. In *Bloch*, plaintiffs husband and wife sued a sheriff under 42 U.S.C. § 1983, claiming that he violated their constitutional right to privacy by holding a press conference to release the confidential and highly personal details of Ms. Bloch's rape by an unknown assailant in retaliation for the Blochs's public criticism of the sheriff. *Bloch*, 156 F.3d at 676. The sheriff was alleged to have released "highly personal and extremely humiliating details" of the rape so embarrassing that Mrs. Bloch had not even told her husband. *Id.* In considering the privacy claim and analyzing the nature of the information released the court noted:

> Crimes of sexual violence necessarily include a nonconsensual sexual act. The crime of rape, for example, cannot be separated from the sexual act itself. For this reason, a historic social stigma has attached to victims of sexual violence. In particular, a tradition of "blaming the victim" of sexual violence sets those victims apart from those of other violent crimes. Releasing the intimate details of rape will therefore not only dissect a particularly painful sexual experience, but often will subject a victim to criticism and scrutiny concerning her sexuality and personal choices regarding sex. This interest in protecting the victims of sexual violence from humiliation, among other injuries, has prompted states to pass rape shield laws and to advocate against the publication of rape victims' names.

*Id.* at 685. The Court held that "a rape victim has a fundamental right of privacy in preventing government officials from gratuitously and unnecessarily releasing the intimate details of the rape where no penalogical purpose is being served." *Id.* at 686.

Unlike the situation in *Kallstrom* and *Bloch*, here Plaintiff has only alleged that the disclosure of the personal information has created a potential risk of identity theft, a purely financial harm. A similar situation was addressed by the District Court for the Southern District of Ohio in *Lambert v. Hartmann*, No. 1:04cv837, 2006 U.S. Dist. LEXIS 93926 (S.D. Ohio Dec. 29, 2006). After Lambert received a speeding ticket, the ticket was posted on the court clerk's website. *Id.* at *2. The ticket included her name, signature, home address, birth date, driver's license number, and social security number. *Id.* One year later, Lambert learned that she was the victim of identity theft when someone purchased approximately $20,000 in merchandise by establishing credit using a driver's license with her personal information. *Id.* Lambert filed suit to recover her damages alleging, *inter alia*, a claim "for violation of her right to privacy under the United States Constitution" and a "violation of her right to procedural and substantive due process under the Fourteenth Amendment." *Id.* at *3. After considering the holdings in *Kallstrom* and *Bloch*, the court held that Lambert had failed to state a claim and dismissed the case with prejudice, explaining:

> Unlike *Kallstrom* and *Bloch*, the Court determines that Plaintiff's alleged privacy

5

> interest in her name, signature, home address, birth date, driver's license number, and social security number do not implicate either a fundamental right or one implicit in the concept of ordered liberty. Plaintiff has only identified a risk of financial harm. While the Court is not unmindful of the problems which may result from the release of personal information, it nonetheless is beyond dispute that plaintiff's injury from the release of information in this case bears no equivalence to the potential and actual harm suffered by the *Kallstrom* and *Bloch* plaintiffs, respectively, which harm the Sixth Circuit has found to be protected by the Fourteenth Amendment. Therefore, the Court concludes that based upon the allegations in the Complaint, Plaintiff is not entitled to relief under section 1983.

*Id.* at *16-17; *see also In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999) (finding that a social security number is not inherently sensitive or intimate information and that its disclosure does not lead directly to injury, embarrassment, or stigma).

This Court finds that Plaintiff has failed to allege that the interest at stake implicates either a fundamental right or one implicit in the concept of ordered liberty. Plaintiff has only alleged potential financial harm; this harm is not equivalent to that suffered by the *Kallstrom* or *Bloch* plaintiffs. Therefore this Court finds that Plaintiff is not entitled to relief under 42 U.S.C. § 1983.[2]

## II.    PROCEDURAL DUE PROCESS

The Fourteenth Amendment's Due Process Clause provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. To establish a procedural due process claim, a plaintiff must show "(1) that it was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law." *Club Italia Soccer & Sports Org., Inc. v. Charter Township of Shelby*, 470 F.3d

---

[2] Plaintiff asserts that the Court should not grant this motion as he has not yet had a chance to complete discovery. However, "[w]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quotation and citation omitted).

286, 296 (6th Cir. 2006).

As determined above, Plaintiff has failed to state a deprivation of a protected liberty or property interest. Therefore, this Court finds that Plaintiff's procedural due process claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.

An appropriate order shall issue.